

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00548-CV

Rufina Reyes **YANEZ**,
Appellant

v.

**AMERICAN GENERAL LIFE INSURANCE COMPANY**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2014CVF000504-D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

DISMISSED FOR WANT OF PROSECUTION

On September 16, 2015, appellee filed a motion to dismiss this appeal on the basis appellant's notice of appeal was filed impermissibly late pursuant to Texas Rule of Appellate Procedure 26(a)(1), and appellant failed to file a timely motion for extension of time.

Appellant failed to file a reply to appellee's motion to dismiss, but did file a motion to abate the appeal. This court may not abate an appeal if the notice of appeal was filed late. Appellant filed a notice of appeal on September 3, 2015 and a motion for extension of time on the same date. The trial court's judgment was signed on July 20, 2015. It thus appears that neither

document was filed within the time allowed for filing a motion for extension of time to file the notice of appeal. Appellant has also failed to pay the filing fee.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) (construing the predecessor to Rule 26). However, once the period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction. *Id.*

On October 5, 2015, this court ordered appellant to show cause in writing on or before October 20, 2015, why this appeal should not be dismissed for lack of jurisdiction and that appellant show cause that either: (1) the filing fee has been paid; or (2) appellant is entitled to appeal without paying the filing fee. Appellant was admonished that if appellant failed to respond within the time provided, the appeal would be dismissed for want of prosecution or for failure to pay the filing fee. *See* TEX. R. APP. P. 5, 42.3(c). Appellant failed to respond.

The appeal is DISMISSED for want of prosecution and for failure to pay the filing fee. Costs of appeal are taxed against appellant.

PER CURIAM